Citation Nr: 1533660 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 11-21 485 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to service connection for a left hip disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Stephen Eckerman, Counsel







INTRODUCTION

The Veteran had active military service from January 1962 to August 1965. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, which inter alia denied a claim for service connection for a left hip replacement. The Board has determined that the issue is more properly characterized as stated on the cover page of this decision. Brokowski v. Shinseki, 23 Vet. App. 79, 86-87 (2009). The Veteran appealed, and in August 2014, the Board denied the claim. 

The appellant appealed to the U.S. Court of Appeals for Veterans Claims (Court). In May 2015, while his case was pending at the Court, the VA's Office of General Counsel and appellant's representative filed a Joint Motion requesting that the Court vacate the Board's August 2014 decision as to this issue. That same month, the Court issued an Order vacating the Board's August 2014 decision as to this issue. To the extent that the Board's August 2014 decision denied claims for service connection for a bilateral foot condition, and hepatitis, and denied a compensable rating for peripheral neuropathy of the bilateral lower extremities, the Joint Motion states that these decisions were not being contested, and they are therefore no longer before the Board. 

In May 2014, the Veteran was afforded a videoconference hearing before the undersigned Acting Veterans Law Judge who is rendering the determination in this claim and was designated by the Chairman of the Board to conduct that hearing, pursuant to 38 U.S.C.A. § 7102(b) (West 2014).

This appeal was processed using the VBMS and Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

In August 2014, the Board remanded the issues of entitlement to service connection for a bilateral hand disability, hypertension, and status post nasal fracture, for additional development. These issues remain in remand status. Therefore, the Board does not have jurisdiction over them at this time. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran asserts that he sustained a left hip injury during service after he fell out of a vehicle while on temporary duty at a base called Monkey Mountain, near Danang, Republic of Vietnam. He has asserted that his left hip injury occurred sometime between 1964 and 1965. See Veteran's statements, received in October 2010, and August 2011. He has stated that he was not treated for any left hip symptoms during service, and that, "It wasn't until many years later, after I got out of the service, that my hip started to give me problems." See also Veteran's statement, received in October 2010 ("it was 40 some years later before it flared up"). 

Service in Vietnam has been conceded. The Veteran is therefore presumed to have been exposed to Agent Orange, see 38 U.S.C.A. § 1116 (West 2014), and his claim has been construed to include the possibility of service connection due to exposure to Agent Orange. His claim has also been construed to include the theory of secondary service connection. See 38 C.F.R. § 3.310 (2014). 

In August 2014, the Board denied the claim. The Board determined that the Veteran was not treated for, or diagnosed with, a left hip disorder during service, and that the earliest diagnosis of a left hip condition (avascular necrosis) was dated no earlier than 2006. The Board noted that the Veteran had not specifically asserted that he had a continuity of symptomatology, and that in any event, service connection under the theory of continuity of symptomatology was not applicable because § 3.303(b) does not apply to any condition that has not been recognized as chronic under 38 C.F.R. § 3.309(a), and that avascular necrosis is not among these listed conditions. Citing Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). The Board further determined that service connection as due to exposure to Agent Orange, or on a secondary basis, was not warranted. See 38 C.F.R. §§ 3.307, 3.309, 3.310 (2014). 

At the time of the Board's August 2014 decision, the Veteran had not been afforded an examination for his left hip disability, and an etiological opinion had not been obtained. The Joint Motion essentially states that in the Board's August 2014 decision, it failed to provide adequate reasons and bases for its conclusion that a remand was not required in order to obtain and examination and opinion. Citing McLendon v. Nicholson, 20 Vet. App. 79 (2006). Accordingly, on remand, the Veteran should be afforded an examination, to include an etiological opinion. Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006). 

The appellant is hereby notified that it is the appellant's responsibility to report for the examination and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158 and 3.655 (2014).

Accordingly, the case is REMANDED for the following action:

1. Arrange for the Veteran to undergo a VA examination to determine the nature and etiology of his left hip disability. 

The entire claims folder must be made available to and reviewed by the examiner, and the examiner should indicate that the Veteran's C-file has been reviewed. All indicated studies and tests should be accomplished, and all clinical findings should be reported in detail and correlated to a specific diagnosis. 

The examiner should be informed that the Veteran's exposure to herbicides during service in Vietnam, between 1964 and 1965, is presumed, and that service connection is currently in effect for posttraumatic stress disorder, diabetes mellitus type 2 with peripheral neuropathy of the bilateral lower extremities, hearing loss, tinnitus, and erectile dysfunction.

a) The examiner should provide an opinion as to whether it is at least as likely as not (i.e., there is at least a 50% probability) that a left hip disability had its clinical onset during the Veteran's active duty service, or is related to exposure to Agent Orange during service.

b) If, and only if, the examiner determines that the Veteran's left hip disability is not related to his service (on any basis), the examiner should state whether it is at least as likely as not (i.e., there is at least a 50% probability) that a left hip disability was caused or aggravated by a service-connected disability.

c) A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

d) The term "at least as likely as not" does not mean within the realm of medical possibility, but rather the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

e) "Aggravation" is defined as a permanent worsening of the pre-existing or underlying condition, as contrasted to temporary or intermittent flare-ups of symptoms which resolve with return to the previous baseline level of disability.

2. Thereafter, readjudicate the issue on appeal. If the benefits sought on appeal remain denied, furnish the appellant and his representative an appropriate supplemental statement of the case that includes clear reasons and bases for all determinations, and affords them the appropriate time period for response before the claims folder is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).